### BURNET FUEL CO. v. ELLIS.

(Court of Civil Appeals of Texas. Austin. Dec. 3, 1913. Rehearing Denied Jan. 14, 1914.)

1. APPEAL AND ERROR (§ 757*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — BRIEFS OF APPELLANT.

An assignment of error complaining of the refusal of a requested charge will not be considered, where the charge is not set forth in appellant's brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

Where the petition in an action for injuries to an employé in a coal mine alleged that it was his duty to fasten together five or six coal cars, and he testified that at the time of the accident there were only five cars, an instruction that if the jury found that the employé fastened together five cars, etc., was not on the weight of the evidence as informing the jury that the employé fastened together only five cars.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

3. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Where assignments of error are submitted as propositions, and are followed by a statement referring to other assignments followed by statements of considerable length, and no reference is made to the pages of the brief nor of the statement of facts, the assignments will not be considered for want of compliance with the rules of court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. MASTER AND SERVANT (§§ 288, 289*)—INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

Whether an employé in a coal mine, engaged in assembling loaded cars, assumed the risk of injury by the breaking of the cable drawing the cars, or was guilty of contributory negligence in entering on the track before the

cars had passed over the track, *held* under the evidence for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1090, 1092–1132; Dec. Dig. §§ 288, 289.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Shed Ellis against the Burnet Fuel Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee brought suit to recover damages for injuries received under the following circumstances: He was an employé of appellant, his business being to assemble the loaded cars in appellant's coal mine, fasten them together, and fasten to the front car the cable with which the cars were pulled out of the mine for a distance of about 90 feet to what is called the knuckle; the angle being about 45 degrees. The cars ran on a track through a tunnel. On each side of this tunnel, at a distance of about 25 feet, alternating on each side, there was a lateral tunnel, leading into chambers where coal was being mined. There were switches to the track, by which the cars were switched into the entrances to the lateral tunnels, and there loaded and then pushed out on the main line to be taken out. It was the business of appellee to push these cars onto the main track and fasten five or six of them together, and then fasten a cable to the front car, and a drag to the rear one to prevent the cars from running back, in case the cable broke. When all was in readiness, appellee would give the signal, and the cars would be pulled out by means of a drum, some 1,200 feet distant. After the cars passed over the knuckle, they then ran on a level to the place where they were emptied. By standing in the openings on the side of the tunnel, one would be out of danger, in the event the cable broke and the cars ran back. Appellee had been instructed by the former superintendent to watch the cars until they passed the knuckle, and to give warning to the miners working further down the tunnel to keep off the track until the cars had passed out of the tunnel. The track was so narrow that there was not room enough for a man to stand on either side of the cars. Appellee had also been instructed to have other cars ready for the next load when the empties were returned. On the occasion of the injury, appellee had fastened five or six cars together, had attached the cable to the front, and had asked his helper, whose business it was to attach the drag to the rear, if everything was ready, and received the reply that it was. He then gave the signal, and the cars were started toward the knuckle, and he started down the track to the next side tunnel for another car to be pushed by him out for the next trip. When the cars had been drawn 25 or 30 feet, the cable broke, and the cars were precipitated against him, and he was injured as alleged. His alleged cause of action was the alleged negligence of appellant in furnishing a cable that was worn, rusted, and too weak to draw the cars out of the tunnel. Appellant pleaded contributory negligence on the part of appellee: (a) In not putting the drag upon the rear car, or in the same not being put on by his fellow servant; (b) in going upon the track before the cars had passed over the knuckle; (c) in fastening together six loaded cars, when he had been instructed to fasten together only five; and also assumed risk, in that appellee knew the weakened and dangerous condition of the cable. There was a judgment for appellee for $3,500.

Warren W. Moore, of Austin, and Young & Stinchcomb, of Longview, for appellant. Hart & Patterson and L. A. Hill, all of Austin, for appellee.

JENKINS, J. (after stating the facts as above). [1] 1. The first assignment of error complains of the refusal of the court to give special charge No. 3. Appellant does not comply with the rules as to this assignment, for the reason that it does not copy in its brief all of the charges requested, and hence this assignment will not be considered. However, we will state that there was no error in the court's refusing to give the requested charge.

[2] 2. In the second assignment of error, appellant complains of the eighth paragraph of the court's charge as being upon the weight of the evidence, in that it tells the jury that appellee fastened together only five cars. The charge is not subject to this criticism. Appellee had alleged that it was his duty to fasten together five or six cars; he testified that on this occasion there were only five cars. The court instructed the jury that if they found from the preponderance of the evidence that appellee fastened together five cars, etc. This certainly was not telling the jury that there were only five cars fastened together.

[3] 3. Appellant submits as propositions its third, fourth, and fifth assignments of error. These three assignments are followed by what purports to be a statement. The fourth and fifth assignments are not propositions within themselves. The only statement subjoined to these three assignments is as follows: "Statement. A portion of the statement under the first assignment and sixth assignment in this brief touching the duties of appellee and his Mexican helper." There are five pages of the statement under the first assignment and 15 pages under the sixth assignment. No reference is made to the pages of the brief, nor of the statement of facts. This is not a compliance with the rules, for which reason the third, fourth, and fifth assignments have not been considered by us.

[4] 4. The sixth assignment complains of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the refusal of the court to peremptorily instruct a verdict for appellant. If appellee was guilty of contributory negligence as matter of law, or if, as matter of law, it must be held that he had assumed the risk, this instruction should have been given. The evidence shows that the accident occurred by reason of the cable being small, rusted, and worn, and fully establishes the allegations of negligence on the part of appellant in using such cable. This cable was worn and had broken on the end next to the car prior to this time, which fact was known to appellee; but the evidence shows that the end which broke had been put upon the drum, and the other end was used to fasten to the cars. Appellee testified that he knew of this change, and that he believed the cable to be safe thereafter, and that he did not know of its unsafe condition. From this evidence we cannot say, as a matter of law, that he assumed the risk. He knew that it was dangerous to go upon the track before the cars had passed over the knuckle, in the event the cable should break; but it was perfectly safe to be upon the track if the cable did not break. In going upon the track for the purpose of walking down the same and having another car ready, he was in the discharge of his duty; and if he did not know, or have reason to believe, that the cable was unsafe, we cannot say that his conduct in going upon the track was negligence; at least, under his testimony we cannot say so as a matter of law, but hold that the evidence was sufficient to raise this issue, and that the court properly submitted the same to the jury.

For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.